STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0707

CLAUDE LEGENDRE

VERSUS

CAJUN CONSTRUCTORS, LLC

Judgment Rendered: **FEB 2 6 2020**

* * * * * * *

APPEALED FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 5, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 16-04860

HONORABLE PAMELA A. MOSES-LARAMORE, JUDGE

* * * * * * *

| | |
|---|---|
| Claude P. Legendre<br>Donaldsonville, Louisiana | Plaintiff/Appellant<br>Pro-Se |
| Charles C. Garrison<br>New Iberia, Louisiana | Attorney for Defendants/Appellees<br>Cajun Constructors, LLC, and<br>Tristar Risk Management |

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

Theriot, J concurs

**McDonald, J.**

In this case the plaintiff, Claude P. Legendre, a truck driver for Cajun Constructors, LLC, filed a disputed claim for compensation on July 29, 2016. Mr. Legendre maintained that he injured his right shoulder, right arm, and neck while handling a tarp over the bed of his dump truck. He asserted there was a dispute over the compensability of his neck injury. Cajun Constructors answered the suit, maintaining that any failure on its part to pay benefits was based on the good faith belief that Mr. Legendre did not suffer an accident or injury, and if he did, it was one from which he quickly recovered.

The case was set for mediation, and a trial date was also set. On November 20, 2017, the day of trial, the parties agreed to settle the claims for $24,000.00. At that hearing, the following colloquy occurred:

JUDGE LARAMORE:

I understand y'all have reached an agreement in this matter?

MR. GARRISON:

Yes, ma'am.

JUDGE LARAMORE:

Would you like to read it into the record, Mr. Garrison?

MR. GARRISON:

Yes ma'am. We've agreed to pay Mr. Legendre the sum of twenty-four thousand dollars ($24,000) in return for a full and final settlement and release of all claims in this matter and other matters and any future compensation obligations.

. . . . .

JUDGE LARAMORE:

. . . . .

Mr. Legendre, I had examined the medical records in the matter and the fact that the only real issue before the Court today is whether your neck was related to the condition, and I really think that this is a

2

very reasonable settlement. I think y'all have done a great job of resolving the issues between you and I approve the settlement and I find it to be in the best interest of the parties.

You do understand though that once, you know, now that I've approved it you can't get anything further from the employer regarding this job accident?

MR. LEGENDRE:

Okay. Yes.

JUDGE LARAMORE:

And I want to make sure that you're not under the influence of any medication or anything that could inhibit your ability to give consent.

MR. LEGENDRE:

No.

On November 28, 2017, the workers' compensation judge signed an order approving the settlement. The order states:

It is ORDERED that the Agreement to Settle recited into the record of this matter on November 20, 2017 is approved, and further that there be settlement of EMPLOYEE'S claims for the sum of TWENTY FOUR THOUSAND AND NO/100 ($24,000.00) DOLLARS in cash, in compromise of any and all past, present and future claims, demands, claims for compensation benefits, scheduled loss, claims for medical expenses, claims for penalties, claims for benefits of any nature whatsoever, costs, charges and any and all causes of action and rights of action whatsoever which EMPLOYEE may or might have or to which he may or might be entitled, known and unknown, anticipated and unanticipated under the Workers' Compensation laws of the State of Louisiana, arising out of the accident of January 29, 2013, or at any other time while EMPLOYEE was employed by Cajun Constructors, LLC, which resulted in EMPLOYEE'S injury to his shoulder, neck and any other parts of his body.

The disputed claim for compensation was dismissed with prejudice to the rights of all the parties. Thereafter, on December 4, 2017, Mr. Legendre filed an appeal.

On appeal, Mr. Legendre maintains that at the hearing he was without counsel, had recently had a stroke, and was taking medication. He further maintains his attorneys should have filed civil and criminal suits against his

3

employer, rather than a workers' compensation claim.

Louisiana Revised Statute 23:1272 provides in pertinent part:

C. When the employee or his dependent is not represented by counsel, the workers' compensation judge shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement, and shall approve it by order, unless he finds that it does not provide substantial justice to all parties, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.

In accordance with La. R.S. 23:1272C, the workers' compensation judge determined that Mr. Legendre understood the terms and conditions of the proposed settlement, and approved it by order. Thus, the order may not be set aside or modified except for fraud or misrepresentation made by any party. We find no evidence of fraud or misrepresentation made by any party; thus, the order of the workers' compensation judge is affirmed.

The memorandum opinion is issued in compliance with the Uniform Rules-Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed against Claude P. Legendre.

**AFFIRMED.**